FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 26 2009
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAEHO CHOI,

                Petitioner,

-against-

UNITED STATES,

                Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

07 CV 4647 (CBA)

AMON, United States District Judge:

Petitioner Taeho Choi petitions this Court pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. In his petition, Choi raises three ineffective assistance of counsel claims, alleging (1) that counsel was ineffective for failing to oppose Choi's nine-level sentencing enhancement for his participation in an alien transportation conspiracy that involved 100 or more aliens, (2) that counsel was ineffective for failing to seek a minimal role reduction at sentencing, and (3) that counsel was ineffective for failing to seek a downward departure or a non-Guidelines sentence based on several other factors, including Choi's family circumstances, rehabilitation efforts, and status as a deportable alien. In his reply brief, he raises two additional claims; that his lawyer was ineffective (4) for inducing him to plead guilty by a false promise that he would get a role reduction in the application of his guideline range, and (5) for failing to file an appeal of his sentence. For the reasons that follow, Choi's petition is denied.

I.    **Background**

On February 5, 2007, Choi plead guilty pursuant to a plea agreement dated February 5, 2007) (the "Agreement") before Magistrate Judge Roanne L. Mann to conspiring to transport

1

illegal aliens in violation of 18 U.S.C. § 371. The charges against Choi arose out of his involvement in an organization that, among other things, transported young Asian women to various locations along the Eastern seaboard where they would be employed as prostitutes.

The Agreement set forth a Guidelines calculation with a base offense level of 12, and which reflected a nine-level upward adjustment for the transport of over 100 aliens, but which also contained a two-level downward adjustment for acceptance of responsibility — resulting in an adjusted offense level of 19. Choi stipulated to this calculation, which led to the inclusion of an estimated sentencing range of 30-37 months in the Agreement. The Agreement further provided that Choi would not "file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 37 months or below. This waiver is binding without regard to the sentencing analysis used by the Court." (Agreement ¶ 4.) At the plea allocution, Choi acknowledged that he read the Agreement and understood all its terms and conditions and that it fully reflected his understanding with the government. (Plea Hr'g Tr. 14-15, Feb. 5, 2007.) The court noted that the defendant had stipulated to the government's Guideline range. This range did not contain a role reduction. (Agreement ¶ 3.) The court specifically advised him that pursuant to the terms of his plea agreement he specifically waived his right to appeal or otherwise challenge conviction or sentence if he received a sentence below the Guidelines range. (Plea Hr'g Tr. 21.)

Subsequent to the execution of the Agreement, the Probation Department calculated Choi's advisory Guidelines range to be 27-33 months — the difference stemmed from a third downward adjustment point being awarded for Choi's acceptance of responsibility. Choi was

sentenced on April 27, 2007, at which time the parties agreed that the Probation Department's sentencing range was correct. In light of defense counsel's arguments regarding Choi's family and financial circumstances, the Court sentenced Choi to a term of imprisonment at the bottom of his Guidelines range, 27 months. This sentence satisfied the condition precedent to Choi's waiver of his right to appeal or otherwise challenge his conviction or sentence. Seemingly consistent therewith, Choi did not appeal. He did, however, file this timely Section 2255 motion.

II.     **Discussion**

Plea agreements and guilty pleas, and the waivers that are effectuated thereby, are valid if a defendant enters into those agreements knowingly, voluntarily and competently. See Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970) and citing Boykin v. Alabama, 395 U.S. 238, 242 (1969) and Machibroda v. United States, 368 U.S. 487, 493 (1962)); United States v. Liriano-Blanco, 510 F.3d 168, 172 (2d Cir. 2007); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000).

The Second Circuit has concluded that a valid plea agreement can effectuate a waiver of not only a defendant's right to appeal his guilt, but also the legality of the sentence imposed. See United States v. Yemitan, 70 F.3d 746, 746-47 (2d Cir. 1995) (involving an agreement, like that at issue here, wherein defendant waived his right to appeal his sentence so long as the sentence was below the maximum of the guideline range); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001) (waiver of appeal of sentence is valid despite the fact that the grounds for appeal regarding sentencing inherently arise from events taking place after the plea). A defendant can also waive his right to file a Section 2255 petition in his plea agreement. See id.

Here, after having the benefit of reading the Government's reply brief, Choi stated for the

3

first time in his reply that he not only received ineffective assistance of counsel at sentencing but that his counsel's false promise that he would receive a role reduction affected the validity of his plea.[1] It is the case that "[i]neffective assistance of counsel 'may render a guilty plea involuntary, and hence invalid.'" United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002) (quoting Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992)). Ineffective assistance of counsel has the same effect on plea agreements. See United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001); see also United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998); Padilla v. United States, No. 02 Civ. 8702, 2004 WL 169743, at *4 (S.D.N.Y. Jan. 27, 2004) (citing Hernandez and Fredrick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir. 2002)). Such a claim, assuming it is colorable, would not be barred by the waiver provision of the Agreement.

In this case, however, Choi's belated contention that his plea was affected by his counsel's advice is unsubstantiated. Choi cannot prevail on this claim by making an unsworn assertion in a reply brief where such a claim contradicts both the record and his own prior sworn testimony. Blackledge v. Allison, 431 U.S. 63 (1977). Choi was advised specifically at his plea that in the Agreement he stipulated to the government's Guideline calculation. (Plea Hr'g Tr. 19.) That calculation did not include a role reduction. Moreover, Choi denied that any promises had been made to him by *anyone* other than what was set forth in the Agreement. (Id. at 22.) Having failed to undermine the validity of his plea, Choi's remaining claims of counsel's ineffectiveness are precluded by the waiver, and in any event are without merit.

---

[1] In his initial petition, Choi clearly states that he "is not challenging his plea agreement." (Mem. in Support of Pet. at 2.)

The Sixth Amendment to the United States Constitution provides a criminal defendant the right to the effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 684-86 (1984). Choi bears the burden of demonstrating that his counsel was constitutionally ineffective. See Chang v. United States, 250 F.3d 79, 84 (2d Cir. 2001). In order to do so, he must establish that (1) counsel's performance was constitutionally deficient, and (2) that he suffered prejudice as a result of the deficient performance. See Strickland, 466 U.S. at 687-96; Chang, 250 F.3d at 84; United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). With respect to the first prong, Choi must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Arena, 180 F.3d at 396; Mayo, 13 F.3d at 533. This standard is "highly deferential." Strickland, 466 U.S. at 689.

Although there is authority that counsel must file an appeal if a client asks even if there is an appeal waiver in place, Choi does not claim that he asked his counsel to do so. In light of the appeal waiver, it cannot be said that counsel "fell below an objective standard of reasonableness" for failing to file an appeal in the absence of a request to do so. Nor can Choi show any prejudice from his counsel's failure to challenge his role in the offense or the nine-level enhancement for transporting 100 aliens. The facts did not support his claim that he had a minimal role in the charged transaction and did support the claim that the conspiracy involved transporting at least 100 aliens. The information Choi cites in support of his claim that counsel should have pursued a departure for extraordinary mitigating circumstances does not rise to the level necessary to support such a departure.

### III. Conclusion

The petition is denied. Choi also makes no "substantial showing of the denial of a constitutional right," and therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 23, 2009

Carol Bagley Amon
United States District Judge